## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA ANDRE LOCKLEY,             :      No. 3:25-CV-2170
      **Plaintiff**                              :

                                 :      **(Judge Munley)**

   **v.**                                       :

SUMMIT FOODS (CORRECTIONAL   :
SERVICES),                              :
      **Defendant**                             :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Plaintiff Joshua Andre Lockley initiated the above-captioned *pro se* action

under 42 U.S.C. § 1983,[1] alleging that his constitutional rights are being violated

by the food service provider at Franklin County Jail (FCJ).  The court will dismiss

Lockley's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a

claim upon which relief may be granted but will provide leave to amend.

## I.    BACKGROUND

Lockley is currently housed at FCJ.  (Doc. 1 at 3).  He does not indicate in

his complaint whether he is a pretrial detainee or a convicted and sentenced

prisoner.  From the publicly available docket, it appears that he was sentenced

on March 5, 2026, and therefore he is a convicted and sentenced prisoner.  See

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Commonwealth v. Lockley, Nos. CP-28-CR-0000276-2025, CP-28-CR-0000305-2025 (Pa. Ct. Com. Pl. Franklin Cnty.).

Lockley asserts that he is allergic to numerous types of food, including wheat, beans, soy products, milk, hazelnuts, and tomatoes. (Doc. 1 at 4). He therefore receives a "special tray" during food service. (Id.) Lockley alleges that these special trays are regularly "under[-]portioned" and often contain the same food items. (Id.) He feels he is being "punished" for having multiple food allergies. (Id.)

Lockley sues "Summit Foods (Correctional Services)" (Summit Foods), the company that provides meal service for FCJ. (Id. at 1, 3). He seeks injunctive relief in the form of having his meals "proper[ly] portioned." (Id. at 4). He also seeks unspecified monetary compensation. (Id.) Lockley, however, fails to state a claim for relief, so the court will dismiss his complaint.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a

2

*pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d

3

Cir. 2016) (internal citations, quotation marks, and footnote omitted).  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  Id. (quoting Iqbal, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."  Id. (quoting Iqbal, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 681.

Because Lockley proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Lockley, is incarcerated.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

III.   **DISCUSSION**

Before addressing the sufficiency of Lockley's complaint, the court must identify the claimed constitutional violation.  See Albright v. Oliver, 510 U.S. 266,

271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct). Lockley alleges that the food service he is receiving at FCJ amounts to "cruel [and] unjustified treatment," appearing to invoke the Eighth Amendment's protection against cruel and unusual punishments. (See Doc. 1 at 4). Thus, as best as the court can discern, he is asserting an Eighth Amendment conditions-of-confinement claim.

### A. Section 1983 Lawsuit Against Summit Foods

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis supplied) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983. However, the Supreme Court of the United States has held that a municipal government (*i.e.*, a local governmental unit that is not a state government) constitutes a "person" for purposes of Section 1983 if the plaintiff alleges that the local governmental body has implemented an unconstitutional policy or custom. See Monell v. Dep't of

Soc. Servs. of N.Y., 436 U.S. 658, 690-91 (1978). Thus, to assert a Section 1983 claim against a county or other local governing unit, a plaintiff must identify a policy or custom fairly attributable to the municipal government, which policy or custom caused him constitutional injury. See id.

The court will assume, without deciding, that Summit Foods can be considered a state actor for Section 1983 purposes and is therefore subject to liability under that statute. See, e.g., Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 n.4 (3d Cir. 2003) (explaining that company that contracted to provide medical care for county prison had been determined to be a "state actor" for Section 1983 purposes). Nevertheless, to sue Summit Foods under Section 1983, Lockley must identify a policy or custom that has been "adopted and promulgated" by Summit Foods and that deprived him of a constitutional right. See id. at 583-84; cf. Monell, 436 U.S. at 690-91. After all, "[n]ot all state action rises to the level of a custom or policy." Natale, 318 F.3d at 584.

Lockley does not identify any such policy or custom by Summit Foods. He merely asserts that his food trays at FCJ are under-portioned and lack variety. He does not allege, for example, that officials for Summit Foods have adopted and promulgated a policy or custom of this type of food service for all prisoners with food allergies. Thus, Lockley has not plausibly alleged a Section 1983 claim against Summit Foods.

6

**B.      Eighth Amendment Conditions-of-Confinement Claim**

Assuming, only for the sake of argument, that Lockley had plausibly alleged a policy or custom by Summit Foods, his complaint would still fail to state a claim for relief.  That is because his specific food-service allegations do not rise to the level of an Eighth Amendment violation.

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." Thomas v. Tice, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).  Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing, shelter, medical care, and reasonable safety[.]"  Helling v. McKinney, 509 U.S. 25, 32 (1993) (citation omitted).

To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements.  See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).  Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.  Id. (citing Farmer v. Brennan, 511 U.S. 825, 843 (1994); Wilson v. Seiter, 501 U.S. 294, 297 (1991)).  "The benchmark for alleging such deprivation

is not that the inmate was merely uncomfortable; he or she must show they are 'incarcerated under conditions posing a substantial risk of serious harm.'" Clark v. Coupe, 55 F.4th 167, 179 (3d Cir. 2023) (quoting Farmer, 511 U.S. at 834).

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety." Chavarriaga, 806 F.3d at 226 (citing Farmer, 511 U.S. at 834). Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm." Id. at 227 (citing Farmer, 511 U.S. at 842).

Lockley's conditions-of-confinement claim fails at the first, objective element. That is, he has not identified a sufficiently serious deprivation of life's necessities that poses a substantial risk of serious harm. Lockley's single, undeveloped allegation that his food trays are "under[-]portioned" and lack variety does not plausibly plead a sufficiently serious deprivation. See Skelton v. Branganza, No. 19-CV-18597, 2024 WL 939688, at *4 (D.N.J. Mar. 4, 2024) (noting that prison diet that "lacks variety" or is "simply unappetizing" does not amount to an Eighth Amendment violation (citing Burgin v. Nix, 899 F.2d 733, 734-35 (8th Cir. 1990))). Lockley has not alleged what food he receives, what the portion sizes are, how often he receives them, whether the portions are nutritionally adequate, whether the food service has affected his health or body

8

weight, or any other pertinent facts that would indicate that Summit Foods is violating the constitution with respect to its meal service. Compare Skelton, 2024 WL 939688, at *5 (finding that prisoner-plaintiff's highly detailed factual allegations regarding prison meals that were not "nutritionally adequate to sustain normal health" and that caused inmates serious medical issues satisfied objective prong of Eighth Amendment conditions-of-confinement claim). Thus, Lockley's complaint fails to plausibly allege an actionable conditions-of-confinement claim.

It is possible, however, that Lockley could amend his pleading to include more facts regarding the allegedly deficient food service at FCJ that could plausibly state an Eighth Amendment conditions-of-confinement claim. Consequently, leave to amend will be granted.

## C.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. As noted above, the court will grant leave to amend.

If Lockley chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set

9

forth his claim(s) in short, concise, and plain statements, and in sequentially numbered paragraphs. Lockley must address the pleading deficiencies identified in this Memorandum. He must also sign the amended complaint and specify the nature of the relief sought.

If Lockley does not timely file an amended complaint, dismissal without prejudice of his complaint will automatically convert to dismissal *with prejudice* and the court will close this case.

## IV.   CONCLUSION

Based on the foregoing, the court will dismiss Lockley's Section 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Leave to amend will be granted. An appropriate Order follows.

Date: _4/24/26_

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court