IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA ANDRE LOCKLEY,      :      No. 3:25-CV-2170
      Plaintiff      :

           :      (Judge Munley)

    v.      :
           :

WARDEN FRANZONI, *et al.*,      :
      Defendants      :

## MEMORANDUM

Joshua Andre Lockley initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that his constitutional rights were violated while he was incarcerated at Franklin County Jail (FCJ). The court dismissed Lockley's initial complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but provided leave to amend. Lockley filed what appears to be an amended complaint. Although Lockley's allegations are not well developed, the court will permit his Eighth Amendment conditions-of-confinement claim against several identified defendants to proceed past Section 1915A(a) screening.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

## I.    BACKGROUND

When Lockley filed the instant case, he was incarcerated at FCJ.  (See Doc. 1 at 3).  He is currently imprisoned at the State Correctional Institution in Camp Hill, Pennsylvania.  (See Doc. 20 at 2).  Lockley did not indicate in his complaint whether he was a pretrial detainee or a convicted and sentenced prisoner.  From the publicly available criminal docket, it appears that he was sentenced on March 5, 2026, and therefore he is a convicted and sentenced prisoner.  See Commonwealth v. Lockley, Nos. CP-28-CR-0000276-2025, CP-28-CR-0000305-2025 (Pa. Ct. Com. Pl. Franklin Cnty.).

In his initial complaint,[2] Lockley asserted that he is allergic to numerous types of food, including wheat, beans, soy products, milk, hazelnuts, and tomatoes.  (Doc. 1 at 4).  He therefore received a "special tray" during food service at FCJ.  (Id.)  Lockley alleged that these special trays were "under[-]portioned" and often contained the same food items, thus lacking variety.  (Id.)  He further alleged that he felt that he was being "punished" for having multiple food allergies.  (Id.)

---

[2] The court references Lockley's original complaint only to provide necessary background.  The sufficiency of Lockley's Section 1983 claim or claims, however, will be judged solely by the amended pleading.  See W. Run Student Housing Assoc. v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013) ("The amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." (citations and internal quotation marks omitted)).

2

Lockley sued "Summit Foods (Correctional Services)," the company that provides meal service for FCJ. (Id. at 1, 3). He sought injunctive relief in the form of having his meals "proper[ly] portioned." (Id. at 4). He also requested unspecified monetary compensation. (Id.)

The court screened Lockley's complaint pursuant to 28 U.S.C. § 1915A(a). (See generally Doc. 16). The court first determined that Lockley's Section 1983 lawsuit attempted to assert an Eighth Amendment conditions-of-confinement claim regarding food service. (See id. at 5). Lockley, however, failed to state such a claim for several reasons. First, the only named defendant was Summit Foods. Yet even if Summit Foods could be considered a state actor for Section 1983 purposes, Lockley had failed to plausibly allege a policy or custom by Summit Foods that violated his constitutional rights. (See id. at 5-6). Second, and more importantly, Lockley's food-service allegations failed to rise to the level of a constitutional violation. (See id. at 7-9). As the court explained, Lockley's single, undeveloped allegation that his food trays were under-portioned and lacked variety did not plausibly plead a sufficiently serious deprivation of life's necessities. (See id. at 8-9).

The court therefore dismissed Lockley's complaint but granted him leave to amend. (See id. at 9-10; Doc. 17). Lockley was also given specific instructions for amendment. (See Doc. 16 at 9-10).

3

On May 7, 2026, Lockley filed a letter that appears to attempt to amend his pleadings. (See generally Doc. 18). The court will liberally construe this document as an amended complaint, as Lockley has not submitted any other filing that could be considered an amended pleading.

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must

accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.  See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted).  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  Id. (quoting Iqbal, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."  Id. (quoting Iqbal, 556 U.S. at 679).  Deciding plausibility is a "context-specific

5

task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Lockley proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Lockley, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

As with his original complaint, Lockley appears to be asserting an Eighth Amendment conditions-of-confinement claim regarding food service at FCJ. Lockley does not specifically name any defendants; however, he mentions multiple FCJ officials in his amended complaint. (See Doc. 18 at 2). He seeks $250,000 in monetary damages. (See id. at 1).

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." Thomas v. Tice, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing,

6

shelter, medical care, and reasonable safety[.]" Helling v. McKinney, 509 U.S. 25, 32 (1993) (citation omitted).

To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015). Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation. Id. (citing Farmer v. Brennan, 511 U.S. 825, 843 (1994); Wilson v. Seiter, 501 U.S. 294, 297 (1991)). "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they are 'incarcerated under conditions posing a substantial risk of serious harm.'" Clark v. Coupe, 55 F.4th 167, 179 (3d Cir. 2023) (quoting Farmer, 511 U.S. at 834).

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety." Chavarriaga, 806 F.3d at 226 (citing Farmer, 511 U.S. at 834). Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm." Id. at 227 (citing Farmer, 511 U.S. at 842).

In his amended complaint, Lockley once again avers that he has multiple food allergies. (See Doc. 18 at 1). This time, he claims that he is allergic to

hazelnuts, milk/dairy, beans, soy, wheat, eggs, apples, and oats. (Id.) Because of his multiple food allergies, Lockley alleges that FCJ served him a modified, repetitive menu for over a year. (Id. at 1-2). Notably, he claims that he was regularly served hardboiled eggs and apple slices, both of which he is allergic to. (Id. at 1). He recounts that he was often served hardboiled eggs for breakfast, lunch, and dinner, despite being allergic to them. (Id. at 1-2). Along with the hardboiled eggs, Lockley recalls that he would receive two "corn wraps" and grits for breakfast, and two corn wraps and "carrots/corn" and "rice/potatoes" for lunch and dinner. (Id. at 2).

Lockley's amended complaint, liberally construed, plausibly pleads a sufficiently serious deprivation. That is, Lockley alleges that for over a year, FCJ staff knowingly and repeatedly served him meals containing foods to which he was allergic. At best, such meals could be nutritionally inadequate due to Lockley being unable to eat the only protein source (eggs); at worst, such meals could cause a serious or life-threatening allergic reaction. See, e.g., Skelton v. Branganza, No. 19-CV-18597, 2024 WL 939688, at *5 (D.N.J. Mar. 4, 2024) (finding that prisoner-plaintiff's highly detailed factual allegations regarding prison meals that were not "nutritionally adequate to sustain normal health" and that caused inmates serious medical issues satisfied objective prong of Eighth Amendment conditions-of-confinement claim).

As to the second, subjective prong, Lockley alleges that he personally contacted multiple kitchen workers about the problematic meals, without any resolution. (Id. at 2). He asserts that their first names are "Deb, Jen, Dawn, [and] Nicole." (Id.) These kitchen workers would not provide Lockley with their last names. (Id.) He also claims that he spoke to "Warden Franzoni" and "Warden Weller" about the food-service issues. (Id.)

Lockley's amended complaint, although leaving much to be desired, plausibly alleges an Eighth Amendment conditions-of-confinement claim regarding the meals he received while incarcerated at FCJ.

## IV.    CONCLUSION

Based on the foregoing, the court will permit Lockley's Eighth Amendment conditions-of-confinement claim to proceed against kitchen workers "Deb, Jen, Dawn, [and] Nicole," as well as Warden Franzoni and Warden Weller. An appropriate Order follows.

Date: _7/7/86_

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court

9